United States Courts
Southern District of Texas
FILED

November 05, 2020

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DURLAN GARCIA-PUPO,<br>LAZARO MARTINEZ-GARCIA,<br>and JULIO CESAR BLANCO-DIAZ,<br><br>Defendants. | CRIMINAL NO.:   **4:20cr562**<br><br>18 U.S.C. 1349:<br>Conspiracy to Commit Fraud in Connection with Access Devices<br>(Count 1)<br><br>18 U.S.C. 1029(a)(3):<br>Fraud in Connection with Access Devices, Possession of 15 or more Unauthorized Access Devices<br>(Counts 2-4)<br><br>18 U.S.C. § 1343:<br>Wire Fraud<br>(Count 5)<br><br>18 U.S.C. § 1028A:<br>Aggravated Identity Theft<br>(Count 6)<br><br>18 U.S.C. § 1029(a)(4):<br>Possession of Device Making Equipment<br>(Count 7) |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

# COUNT ONE
### (Conspiracy: 18. U.S.C. § 1349)

### A. INTRODUCTION

1. From in or about at least September 2018 through in or about November 2019, in the Houston Division of the Southern District of Texas, and elsewhere,

**DURLAN GARCIA-PUPO,**
**LAZARO MARTINEZ-GARCIA,**
**and JULIO CESAR BLANCO-DIAZ**

defendants herein, along with other co-conspirators, known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by false and fraudulent pretenses, representations and promises, by unlawfully obtaining the personal banking information of multiple victims and possessing more than 15 unauthorized access device by installing devices at points of sale to steal credit card and banking information in the Houston Texas area, all affecting interstate commerce, as more fully set forth below.

2. At all times material to this indictment, the term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

3. The term "unauthorized access device" means any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.   Further, the term "

access device" means any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device.

4. As used in this indictment, the term "skimmer" means a device crafted, legally or otherwise, to read, decipher, capture, and entrap credit card and other personal or financial information from legitimate sources to be possessed, transmitted, re-encoded, or otherwise used illegally.

5. An "EEPROM" is an acronym for "electrically erasable programmable read-only memory" and is a type of non-volatile memory used in computers, integrated into types of microcontrollers for smart cards and remote keyless systems, and other electronic devices to store relatively small amounts of data but allowing individual bytes to be erased and reprogrammed. Generally, and as is applicable in this scheme, the EEPROM is attached to a "BlueTooth" transmitter to relay stolen data to a secondary source.

6. At all times material to this Indictment, DURLAN GARCIA-PUPO, LAZARO MARTINEZ-GARCIA, and JULIO CESAR BLANCO-DIAZ lived, operated the following scheme, and committed the following overt acts in the Southern District of Texas, specifically in and around Houston and Harris County, Texas.

7. On or about July 8, 2019, agents with the Texas Department of Public Safety followed DURLAN GARCIA-PUPO to a truck stop in northern Harris County, Texas where he was observed making a purchase of fuel with an unauthorized access device, namely a stolen credit card number, triggering an interstate wire transaction with the victim's bank in Louisiana. Further, during this transaction, Defendant DURLAN GARCIA-PUPO- transmitted the personal

account numbers and personal identifying information of the victim while committing the offense of wire fraud.

8. On or about October 16, 2019, agents with the Texas Department of Public Safety executed a search warrant on the residence of DURLAN GARCIA-PUPO, located in the Southern District of Texas. During the execution of the warrant, agents recovered a laptop computer belonging to DURLAN GARCIA-PUPO that contained over 1500 stolen and unauthorized credit or debit card numbers, along with multiple items related to making and using credit card skimmers.

9. On or about October 16, 2019, concurrent with the search of DURLAN GARCIA-PUPO's residence, agents with the Texas Department of Public Safety executed a search warrant on the residence of LAZARO MARTINEZ-GARCIA, located within the Southern District of Texas. During the execution of this warrant, agents found a computer belonging to LAZARO MARTINEZ-GARCIA that contained over 300 stolen and unauthorized credit or debit card numbers. Further, agents recovered three (3) completed "skimmers" that were to be used as counterfeit access devices.

10. On or about November 6, 2019, agents of the Texas Department of Public Safety executed a search warrant on the residence of JULIO CESAR BLANCO-DIAZ, located within the Southern District of Texas. During the execution of this warrant, law enforcement agents recovered a computer with over 1700 stolen and unauthorized credit or debit card numbers, as well as 29 re-encoded credit cards containing stolen personal banking information from various victims.

11. Subsequent analysis of the computers and electronic devices from Defendants DURLAN GARCIA-PUPO, LAZARO MARTINEZ-GARCIA, and JULIO CESAR BLANCO-DIAZ revealed that one hundred (100) of the stolen credit cards appeared on all three of the

defendants' computers or electronic devices.    For example, examination of the defendants' electronic devices revealed that all three contained a stolen and unauthorized credit/debit card number ending in xxxxx9804.

12.     Further, analysis showed identifiers unique to specific "flash" or "thumb" drives appeared on all three computers in conjunction with the downloaded stolen credit card numbers, indicating a common source between the three defendants.    For example, examination of the defendants' electronic devices found that all three defendants had accessed a flash drive with the unique signifier XXXXX121564.

13.     Analysis of defendants' cell phones and other communications devices revealed multiple instances and forms of contact between DURLAN GARCIA-PUPO, LAZARO MARTINEZ-GARCIA, and JULIO CESAR BLANCO-DIAZ during the relevant time-period.

### B.  THE CONSPIRACY

14.     From at least in or around September 2018 through in or around November 2019, in the Houston Division of the Southern District of Texas and elsewhere,

**DURLAN GARCIA-PUPO,**
**LAZARO MARTINEZ-GARCIA,**
**and JULIO CESAR BLANCO-DIAZ**

the defendants, and others known and unknown, did knowingly combine, conspire, confederate, and agree with others known and unknown, to commit fraud and related activity in connection with access devices, in violation of Title 18, United States Code, Section 1029(a)(3).

15.     It was a part and object of the conspiracy that the defendants, along with other co-conspirators, did knowingly and willfully combine, conspire, confederate and agree with others

known and unknown to the grand jury, to execute a scheme and artifice to defraud and to obtain money and property by false and fraudulent pretenses, representations and promises, by possessing more than 15 unauthorized access devices, all affecting interstate, in violation of Title 18, United States Code, Section 1029(a)(3).

### C. THE MANNER AND MEANS OF THE CONSPIRACY

16. The defendants sought to accomplish the purpose of the conspiracy by, among other things, the following manner and means:

a. In or around at least September 2018 through on or about November 2019, DURLAN GARCIA-PUPO, LAZARO GARCIA-MARTINEZ, and JULIO CESAR BLANCO-DIAZ began or continued utilizing credit card "skimmers" unlawfully installed on gas and fuel pumps to illegally obtain credit card information from motorists and truckers in and around northern Harris County and surrounding counties within the Southern District of Texas.

b. Once they had obtained the personal banking information of their victims, Defendants DURLAN PUPO-GARCIA, LAZARO GARCI-MARTINEZ, and JULIO CESAR BLANCO-DIAZ transferred the stolen credit card information to blank credit cards or gift cards via electronic re-encoders, so that they might be used to purchase goods or services as if they were obtained legitimately.

c. Defendants DURLAN PUPO-GARCIA, LAZARO GARCI-MARTINEZ, and JULIO CESAR BLANCO-DIAZ also bought, traded, and sold stolen credit card numbers amongst themselves and from others, some known and some unknown to the Grand Jury. Defendants DURLAN GARCIA-PUPO, LAZARO GARCIA-MARTINEZ, and JULIO CESAR

BLANCO-DIAZ generally transferred large volumes of stolen credit card information between themselves or others via the use of "flash" or "thumb" drives, which were then transferred onto personal computers and other electronic devices.

In violation of Title 18, United States Code, Section 1349.

# COUNT TWO

### Possession of Counterfeit and Unauthorized Access Devices
### (18 U.S.C. § 1029(a)(3))

17. The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1-16, as if fully set forth herein.

18. On or about October 16, 2019, in the Houston Division of the Southern District of Texas, the defendant

**DURLAN GARCIA-PUPO**,

did knowingly and with the intent to defraud, possess fifteen (15) or more counterfeit and unauthorized access devices, affecting interstate and foreign commerce.

In violation of 18 United States Code, Sections 1029(a)(3) and 2.

# COUNT THREE

### Possession of Counterfeit and Unauthorized Access Devices
### (18 U.S.C. § 1029(a)(3))

19. The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1-16, as if fully set forth herein.

20. On or about October 16, 2019, in the Houston Division of the Southern District of Texas, the defendant

**LAZARO MARTINEZ-GARCIA,**

did knowingly and with the intent to defraud, possess fifteen (15) or more counterfeit and unauthorized access devices, affecting interstate and foreign commerce.

In violation of 18 United States Code, Sections 1029(a)(3) and 2.

# COUNT FOUR

### Possession of Counterfeit and Unauthorized Access Devices
### (18 U.S.C. §1029(a)(3))

21. The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1-16, as if fully set forth herein.

22. On or about November 6, 2019, in the Houston Division of the Southern District of Texas, the defendant

**JULIO CESAR BLANCO-DIAZ,**

did knowingly and with the intent to defraud, possess fifteen (15) or more counterfeit and unauthorized access devices, affecting interstate and foreign commerce.

In violation of 18 United States Code, Sections 1029(a)(3) and 2.

# COUNT FIVE

### Wire Fraud
### (18 U.S.C. § 1343)

23. The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1-16, as if fully set forth herein.

24. On or about July 8, 2019, in the Southern District of Texas and elsewhere, the defendant,

**DURLAN GARCIA-PUPO,**

did knowingly devise and intend to devise a scheme and artifice to defraud J.M., by means of materially false and fraudulent pretenses and representations, namely by causing Transnet, Inc, a credit card transaction procession company to complete a transfer of J.M.'s funds initiated by **DURLAN GARCIA-PUPO**, on or about July 8, 2019, by causing these funds to be transmitted via MasterCard debit card number XXXXXXX7485 by way of wire communications from the merchant in the Southern District of Texas to processing computer terminals in Norcross, Georgia, then to Pedestal Bank computers servers in Monroe, Louisiana, and back to the Southern District of Texas, in interstate commerce in furtherance of executing the scheme.

All in violation of Title 18, United States Code, Section 1343.

# COUNT SIX

### Aggravated Identity Theft
### (18 U.S.C. § 1028A)

26. The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1-16, as if fully set forth herein.

27. On or about July 8, 2019, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**DURLAN GARCIA-PUPO**

during and in relation to a felony violation of Title 18, United States Code, Section 1343, Wire Fraud, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit: the name and debit card financial information of J.M..

All in violation of Title 18, United States Code, Section 1028A.

## COUNT SEVEN

### Possession of Device Making Equipment
### (18 U.S.C. §1029(a)(4))

28. The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1-16, as if fully set forth herein.

29. On or about October 16, 2019, in the Houston Division of the Southern District of Texas, the defendant

**LAZARO MARTINEZ-GARCIA**,

did knowingly and with the intent to defraud, produce, traffic in, have custody and control of, and possess, access device making equipment, namely, a "skimmer" equipped with a ST 25P16V "EEPROM," affecting interstate and foreign commerce.

In violation of 18 United States Code, Sections 1029(a)(4) and 2.

### NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 982(a)(7); 18 U.S.C. § 981(a)(1)(C))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice that upon Defendant's conviction of any wire fraud or possession of unauthorized access devices offenses charged in this Indictment, the United

States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

### MONEY JUDGMENT AND SUBSTITUTE ASSETS

The United States gives notice that it will seek a money judgment against the Defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.

A TRUE BILL

**Original Signature on File**
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
United States Attorney
Southern District of Texas

By: *Thomas H. Carter*
THOMAS H. CARTER
Assistant United States Attorney
Southern District of Texas